1   NIALL E. LYNCH (State Bar No. 157959)
    NATHANAEL M. COUSINS (State Bar No. 177944)
2   MAY LEE HEYE (State Bar No. 209366)
    BRIGID S. MARTIN (State Bar No. 231705)
3   CHARLES P. REICHMANN (State Bar No. 206699)
    E. KATE PATCHEN (N.Y. Reg. 41204634)
4   Antitrust Division
    U.S. Department of Justice
5   450 Golden Gate Avenue
    Box 36046, Room 10-0101
6   San Francisco, California 94102
    Telephone (415) 436-6660
7
    Attorneys for the United States of America
8

9                       UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11                         SAN FRANCISCO DIVISION

12  UNITED STATES OF AMERICA,          )      No. CR 06-0692 PJH
                                       )
13              Plaintiff,             )
                                       )
14       v.                            )      [PROPOSED] ORDER EXCLUDING
                                       )      TIME UNDER THE SPEEDY TRIAL ACT
15  IL UNG KIM, et al.,                )
                                       )
16              Defendants.            )
                                       )
17  _____)

18

19        On February 28, 2007, counsel for Il Ung Kim, Eric Grannon and Nhien T. Vuong,

20  counsel for Gary Swanson, Bill Edlund and John F. McLean, and the United States Department

21  of Justice, represented by Niall E. Lynch and Charles P. Reichmann, appeared before Judge

22  Phyllis J. Hamilton on defendants' separate motions for bills of particulars and for trial setting.

23  The Court scheduled the jury trial to begin on September 10, 2007.  Counsel for Swanson and the

24  government requested an exclusion of time under the Speedy Trial Act, from February 28, 2007

25  to September 10, 2007.  Counsel for Kim requested a trial within the time established under the

26  Speedy Trial Act and objected to any exclusion of time.  The Court denied Kim's request for an

27  earlier trial date and overruled Kim's objection to exclusion of time under the Speedy Trial Act.

28

    ORDER EXCLUDING TIME
    UNDER SPEEDY TRIAL ACT

The Court ordered the exclusion of time under the Speedy Trial Act from February 28, 2007 to September 10, 2007 based on the following reasons:

1. The government moved for an exclusion of time because of the complexity of the case, due to the number of defendants, the nature of the prosecution, and the existence of novel questions of fact and law such that it is "unreasonable to expect adequate preparation for pretrial proceedings" within the time limits established by the Speedy Trial Act.  *See* 18 U.S. C. § 3161(h)(8)(A) and (B)(ii) and B(iv).

2. The discovery in this case is voluminous and includes millions of pages of documents and 280 gigabits of electronic discovery.  Additionally, approximately 1,150 boxes of documents have been made available to the defendants by the government as part of pretrial discovery.  Given the large volume of discovery, failure to exclude time would unreasonably deny counsel for Defendant Swanson reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *See* 18 U.S.C. § 3161(h)(8)(A) and (B)(ii) and B(iv).

3. There are several corporate co-conspirators and individual conspirators-potential witnesses that reside outside the United States.  Defendant Swanson anticipates the need to seek discovery from these co-conspirators and may need to take depositions of potential witnesses outside the United States to secure their testimony because they may not be compelled to appear at trial.  Further, Defendant Swanson anticipates issuing subpoenae duces tecum to third parties, which may add additional complexity to this proceeding.  *See* 18 U.S.C. § 3161(h)(8)(B)(ii) and B(iv).

4. Defendant Swanson has requested an exclusion of time under the Speedy Trial Act on the basis of the complexity of the case and volume of discovery.  *See* 18 U.S.C. § 3161(h)(8)(A) and (B)(ii) and B(iv).  Despite Defendant Kim's objection to Swanson's and the government's requests for an exclusion of time, a reasonable period of delay is warranted when a defendant is joined for trial with a

ORDER EXCLUDING TIME
UNDER SPEEDY TRIAL ACT                    2

1  co-defendant as to whom the time for trial has not run and no motion for

2  severance has been granted. *See* 18 U.S.C. § 3161(h)(7).

3  The Court finds that the failure to grant the requested continuance would unreasonably

4  deny counsel for Defendant Swanson reasonable time necessary for effective preparation, taking

5  into account the exercise of due diligence. Furthermore, the Court finds that the ends of justice

6  would be served by excluding the proposed time period under the Speedy Trial Act. These ends

7  outweigh the best interests of the public and the defendants in a speedy trial. *See* 18 U.S.C. §

8  3161(h)(8)(A).

9  For the reasons stated, the Court finds that the time period from February 28, 2007 to

10  September 10, 2007 should be excluded from the calculation of time under the Speedy Trial Act,

11  18 U.S.C. § 3161(h)(8)(A).

12

13  IT IS SO ORDERED:

14

15  Dated: _____3/8/07_____

16  United

17

18

19

20

21

22

23

24

25

26

27

28



ORDER EXCLUDING TIME
UNDER SPEEDY TRIAL ACT

1

**CERTIFICATE OF SERVICE**

2

    I certify under penalty of perjury that I filed this document electronically on March 7, 2007,

3

through the Electronic Case Filing portal of the U.S. District Court, Northern District of

4

California.  Under N.D. Cal. Local Rule General Order 45, all counsel appearing in this matter

5

will receive an electronic copy of this filing.

6

7

Dated: March 7, 2006

                  _____

8

                  Niall E. Lynch

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER EXCLUDING TIME
UNDER SPEEDY TRIAL ACT          4